
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6182 | DATE | 7/13/2001 |
| CASE TITLE | Janusz Josef Byrdak vs. Immigration and Naturalization Service, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because the court lacks jurisdiction over Petitioner's claim, the petition is dismissed. Respondent's motion to dismiss (Doc. No. 2-1) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUL 16 2001 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 6 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/13/2001 date mailed notice | |
| ETV | courtroom deputy's initials | 01 JUL 13 PM 5: 36 Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANUSZ JOSEF BYRDAK, )
)
Petitioner, )
)
v. ) No. 00 C 6182
)
IMMIGRATION AND NATURALIZATION ) Rebecca R. Pallmeyer
SERVICE, TRI-COUNTY DETENTION ) Judge
CENTER, et al., )
)
Respondents. )

## MEMORANDUM OPINION AND ORDER

Janusz Josef Byrdak has filed a petition for writ of habeas corpus requesting that this court stay an Immigration and Naturalization Service ("INS") order of removal against him until his post-conviction appeal is resolved in state criminal court. Because the court lacks jurisdiction over Petitioner's claim, the petition is dismissed.

## FACTUAL BACKGROUND

### A. Petitioner's Guilty Plea

Petitioner is a Polish citizen who was admitted to the United States as a lawful permanent resident on February 18, 1992. (Respondent's Memorandum in Support of Motion to Dismiss (hereinafter "Resp. Mem."), at 1.) On January 27, 1999, Petitioner pleaded guilty in the Circuit Court of the Eighteenth Judicial District sitting in DuPage County, Illinois to possession of a stolen motor vehicle in violation of 625 ILCS 5/4-103(a)(1). (Ex. 2 to Resp. Mem.) After the trial court accepted Petitioner's plea, defense counsel, Glenn Sowa, reminded Petitioner, on the record, "I discussed the fact with you that you're not a citizen of the United States, correct, and the possible

repercussions with immigration, that you may be deported? Are you aware of that?" Petitioner responded, "Yes." (Ex. A (Petitioner's Brief to the Appellate Court of Illinois (the "Appellate Brief")) to Petitioner's Response to Motion to Dismiss and Memorandum of Law in Support ("Pet. Resp."), at 8.) The trial court then entered the following written order: "Plea of guilty, finding of guilty, conviction to enter. Defendant sentenced to three (3) years Illinois Department of Corrections with credit for 83 days already actually served." (*Id.*) Petitioner nevertheless asserts that he was advised by his counsel that a guilty plea *would not* result in deportation.[1] (Pet. Resp., at 6.)

B.   **INS Removal Proceedings**

On September 1, 1999, the INS initiated removal proceedings against Petitioner, charging him as an "aggravated felon" under 8 U.S.C. § 1227(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). (Resp. Mem. at 2.) Petitioner requested to

---

[1]   The only support for this assertion is the affidavit of Petitioner's mother, discussed in the factual section of the Appellate Brief. (Exhibit A to Pet. Resp., at 11.) In this affidavit, which this court has not seen, Petitioner's mother claims that Sowa told her that a guilty plea would not affect Petitioner's immigration status. None of the other evidence mentioned in the Appellate Brief, however, supports any such affirmative misrepresentation. For example, Petitioner notes in that Brief that (a) his sister testified in an affidavit only that "Mr. Sowa was specifically asked what effect a guilty plea would have on Defendant's immigration status, but Mr. Sowa provided no answer to inform [her or her mother] that a guilty plea would result in removal proceedings," (*Id.*), and (b) his aunt testified in an affidavit "that no mention was made by counsel of the immigration consequences of a guilty plea even though the question was raised to them." (*Id.*, at 12.) And, as the court has already mentioned, Petitioner admits that he stated on the record that Mr. Sowa had informed him of the immigration consequences of his guilty plea.

be released on bond, but, pursuant to the INA's mandatory detention provision for those aliens convicted of an "aggravated felony," *see* 8 U.S.C. § 1226(c)(1), Petitioner's request was denied. (Resp. Mem., at 2.)

On January 18, 2000, an immigration judge ("IJ") conducted a hearing at which Petitioner argued that he was not subject to removal because the receipt of stolen property was not a "theft offense," and therefore did not fall within the definition of "aggravated felony" relied on by the INS, 8 U.S.C. § 1101(a)(43)(G). (Resp. Mem., at 2.) The IJ, however, determined that Petitioner's theft offense was an "aggravated felony," and that, consequently, Petitioner was removable as charged. (*Id.*) On August 25, 2000, the Board of Immigration Appeals ("BIA") upheld the IJ's decision. (Ex. 4 to Resp. Mem., at 2.)

C. **Petitioner's Post-Conviction Petition**

At some point after the INS initiated removal proceedings against him, Petitioner retained new counsel, Stanley J. Horn. On October 28, 1999, Horn, on behalf of Petitioner, filed a petition for post-conviction relief in Illinois state court, arguing that Petitioner's January 27, 1999 guilty plea should be set aside because (a) his counsel was ineffective and (b) the State of Illinois violated Article 36 of the Vienna Convention on Consular Relations by not advising Petitioner of his right to speak to the Polish consulate after having been arrested. The state court, citing 725 ILCS 5/122-1(c), dismissed this petition as untimely.[2] On or around July 19, 2000, Petitioner

---

[2] Petitioner filed his petition for post-conviction relief nine months after he pleaded guilty. According to the Appellate Brief, the state trial judge determined

3

appealed the trial court's finding to the Illinois Appellate Court where he asserts "oral arguments are pending." (Pet. Resp., at 5.) The current status of this appeal is unknown.

On September 27, 2000, Petitioner requested that the BIA reconsider his appeal of the IJ's decision; and, on October 3, 2000, Petitioner filed a motion for a stay of removal pending consideration by the BIA of his motion to reconsider. (Resp. Mem., at 2.) On October 5, 2000, the BIA denied Petitioner's motion for stay of removal because it found that "there is little likelihood that [Petitioner's] motion [to reconsider] will be granted." Indeed, on October 31, 2000, the BIA denied Petitioner's motion to reconsider. (*Id.*)

### D. Petitioner's Habeas Corpus Petition

On October 6, 2000, the day after his motion for a stay of removal was denied, Petitioner filed a petition for habeas corpus in this court. In this petition, Petitioner claims that there is a substantial likelihood that the Illinois Appellate Court will overturn his conviction and allow him to withdraw his guilty plea. (Petition for Writ of Habeas Corpus ¶ 10.) He argues that his removal, prior to such a decision from the Illinois Appellate Court, would violate his right to seek redress in the courts. (Resp. Mem., at 3.) In other words, his petition essentially requests that this court review the BIA's decision to deny his motion for a stay of removal; it does not request that the

---

that this motion was untimely because, under the Post-Conviction Hearing Act, 725 ILCS 5/122-1(c), Petitioner had "six months following the expiration of the 30 days following the plea in order to file a post-conviction motion, which would be seven months following the entry of the plea." (Ex. A to Pet. Resp., at 15.)

court review the BIA's determination that Petitioner was convicted of an "aggravated felony," the constitutionality of his underlying state court conviction, or the State's alleged violation of the Vienna Convention.[3] In addition, Petitioner requests that this court order INS to release him on reasonable bond.

On December 13, 2000, Respondent INS filed a motion to dismiss the habeas corpus petition, contending that § 242(g) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), codified at 8 U.S.C. § 1252(g), deprives this court of jurisdiction over the petition.[4] (Mot. to Dismiss, at 1-2.)

## DISCUSSION

In the wake of Congress' enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), the Supreme Court has struggled to define the

---

[3] The court notes that any challenge to the validity of the BIA's removal order would be unlikely to succeed because, unless and until a state conviction is overturned, the INS is entitled to rely on it as a basis for removal. *See Palmer v. I.N.S.*, 4 F.3d 482, 489 (7th Cir. 1993) ("[A]n alien may not collaterally attack an otherwise valid state court conviction, or go behind the judicial record to determine, in immigration proceedings, the guilt or innocence of the alien."). Moreover, for at least two reasons, any challenge by Petitioner in this court to the validity of his state court conviction would be just as unlikely to succeed. First, an alien cannot collaterally attack a state court conviction in a habeas corpus proceeding against the INS. *See Contreras v. Schiltgen*, 151 F.3d 906 (9th Cir. 1998). Second, assuming Petitioner could use a § 2241 petition to challenge his state court conviction, the petition would be dismissed for Petitioner's failure to exhaust his state court remedies. *See Taveras-Lopez v. Reno*, 127 F. Supp. 2d 598, 605 (M.D. Pa. 2000).

[4] The INS's motion to dismiss also includes 8 U.S.C. § 1252(a)(2)(C) as a basis for dismissal; however, because the INS does not refer to this statutory section once in its supporting memorandum, the court focuses solely on § 1252(g).

parameters of federal jurisdiction over the habeas corpus petitions filed by aliens under 28 U.S.C. § 2241. In fact, just last month, the Court held that certain provisions of both AEDPA and IIRIRA *do not* strip jurisdiction from federal district courts to hear § 2241 petitions. *See INS v. St. Cyr*, No. 00-767, 2001 WL 703922 (U.S. June 25, 2001) (finding that § 401(e) of AEDPA and §§ 1252(a)(1), 1252(a)(2)(C), and § 1252(b)(9) do not deprive federal district courts of jurisdiction over § 2241 petitions because they do not contain clear and unambiguous statements of congressional intent to do so).

This case, however, is distinguishable from *St. Cyr* because it implicates 8 U.S.C. § 1252(g). Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Our Court of Appeals has held that this section does supersede § 2241 in cases to which it applies. *See Fedorca v. Perryman*, 197 F.3d 236, 239 (7th Cir. 1999) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 485 (1999) ("*AADC*")). In *St. Cyr*, the Court specifically noted that its holding on jurisdiction did not take § 1252(g) into account because "that provision applie[s] . . . to three types of discretionary decisions by the Attorney General–specifically, to commence proceedings, to adjudicate cases, or to execute removal orders–none of which are at issue here." *Id.*, at *10 n.34 (citing *AADC*, 525 U.S. at 485). Here, however, Section 1252(g) *is* relevant because Petitioner is challenging a

6

discretionary decision by the INS–namely, the decision to deny his motion for a stay of removal.

To be sure, the Supreme Court has cautioned that § 1252(g) be read narrowly. *See AADC*, 525 U.S. at 482. On two occasions, however, the Seventh Circuit has found that a claim requesting review of a denied motion to stay removal constitutes a claim "arising from the decision . . . by the Attorney General . . . to execute removal orders." *See Fedorca v. Perryman*, 197 F.3d 236, 239 (7th Cir. 1999) (holding that § 1252(g) deprived it of jurisdiction over a § 2241 petition requesting review of the BIA's decision to deny petitioner's request for a stay of deportation); *Botezatu v. INS*, 195 F.3d 311 (7th Cir. 1999) (same).

Petitioner nevertheless insists that his claim has "little to do" with a decision to execute a removal order; his claim, he argues, is that "the INS's denial of his motion . . . was incorrect as a matter of law and will have a chilling effect on his access to the courts to withdraw his guilty plea should he be successful in the Illinois Appellate Court and be deported prior to the Appellate Court decision." Resp. Mem., at 4. In support of this argument, Petitioner cites *Fornalik v. Perryman*, 223 F.3d 523 (7th Cir. 2000), where the Seventh Circuit determined that a decision by an INS District Director to deny the petitioner an adjustment of status to permanent resident alien did not fall within the narrow confines of § 1252(g). Importantly, however, the court in *Fornalik* noted that "if [the petitioner] were attacking a discretionary decision by the INS to remove him [as opposed to a

7

decision by INS support staff to ignore decisions of the agency], then we would not have jurisdiction to block his removal." *Id.*, at 533 (citing *Fedorca*, 197 F.3d at 240; *Botezatu*, 195 F.3d at 313). The BIA's denial of Petitioner's motion here is precisely the type of discretionary decision the Seventh Circuit spoke of in *Fornalik*. The court recognizes with regret that its decision may render Petitioner's pending state court appeal meaningless. Under controlling precedent, however, the court concludes it has no jurisdiction to do otherwise.[5]

## CONCLUSION

Because the court lacks jurisdiction, Respondent's motion to dismiss (Doc. 2-1) is granted.

ENTER:

Dated: July 13, 2001

REBECCA R. PALLMEYER
United States District Judge

---

[5] Petitioner does not explicitly challenge the constitutionality of the INA's mandatory detention statute, 8 U.S.C. § 1226(c)(1). Assuming, however, that Petitioner has made such a claim, the court finds that it, and any corresponding request for release on bond, must fail. As the Seventh Circuit held in *Parra v. Perryman*, 172 F.3d 954 (7th Cir. 1999), Section 1226(c)(1) does not implicate a fundamental liberty interest where a criminal alien has little to no hope of avoiding removal. 172 F.3d at 958. Given the foregoing discussion, Petitioner falls into that unfortunate category.

8